UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JARWIN JOSUE MARTINEZ RAYO,

        Petitioner,

v.
        Case No. 25-cv-1282-pp

DALE SCHMIDT, KRISTI NOEM
and TODD M. LYONS,

        Respondents.

**ORDER SCREENING PETITION (DKT. NO. 1)**

On August 25, 2025, the petitioner, who does not have a lawyer representing him, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241 challenging his detention by U.S. Immigration and Customs Enforcement. Dkt. No. 1. At the time he filed the petition, the petitioner was detained in the Dodge County Jail, but he since has been transferred to the Bourbon County Detention Center in Paris, Kentucky. Dkt. Nos. 1, 4. He has paid the $5 filing fee. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

**I.    Rule 4 Screening**

    A.    <u>Standard</u>

A petition under 28 U.S.C. §2241 is the appropriate vehicle for challenging the length of detention pending removal. <u>Zadvydas v. Davis</u>, 121 S.

1

Ct. 2491, 2497–98 (2001). Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) of the Local Rules for the Eastern District of Wisconsin, the court applies the Rules Governing Section 2254 Cases to *habeas* petitions filed under 28 U.S.C. §2241. <u>Chagala v. Beth</u>, Case No. 15-C-531, 2015 WL 2345614, at *1 (E.D. Wis. May 13, 2015).

Rule 4 of the Rules Governing §2254 Cases in the United States District Courts provides:

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

At the screening stage, the court expresses no view as to the merits of the petitioner's claims. A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court.

B.  <u>Petition</u>

The petitioner says that he is challenging his "prolonged detention." Dkt. No. 1 at 2. The petitioner alleges that he was taken into custody on January 31, 2025. <u>Id.</u> at 4. He explains that he is challenging his prolonged detention (over 180 days); he says that he was "granted immigration relief on 7/01/2025" but that he has yet to be released." <u>Id.</u> at 2. He asserts that he was "granted withholding of removal to Nicaragua" on July 1, 2025. <u>Id.</u> at 6. He says that he was declined release on his first ninety-day review and that he has yet to be given a second ninety-day review. <u>Id.</u> He asserts that he is not a risk of flight or a

2

danger to society, saying that he has no serious criminal convictions and that all his immediate family is in Wisconsin. Id. Citing the Fifth Amendment, he adds that he never has had a bond hearing in front of a neutral party. Id. at 7. In the "Request for Relief" section, the petitioner asks for immediate release and says that he will abide by any supervision conditions. Id.

The court regrets that it did not promptly screen the petition when the petitioner filed it over four months ago. The petitioner filed his petition while detained in this district. Writs of *habeas corpus* "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. §2241(a). Although the petitioner does not provide much information in his petition, he alleges that he has been in custody for almost a year and that he has been detained without a bond hearing. The petitioner has raised colorable due process claims. See Reno v. Flores, 507 U.S. 292, 306 (1993) (citing The Japanese Immigrant Case, 189 U.S. 86, 100–01 (1903)). At this early stage, the court will allow him to proceed on the claims he has raised in his *habeas* petition.

## II. Conclusion

The court **ORDERS** that the petitioner may proceed on his due process claim.

The court **ORDERS** that within thirty days of the date of this order, the respondent must answer or otherwise respond to the petition, complying with

Rule 5 of the Rules Governing § 2254 Cases and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to receive them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact,

exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 27th day of January, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**