UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JARWIN JOSUE MARTINEZ RAYO,

Petitioner,

Case No. 25-cv-1282-pp

v.

DALE SCHMIDT, KRISTI NOEM
and TODD M. LYONS,

Respondents.

**ORDER DENYING AS MOOT PETITION FOR WRIT OF *HABEAS CORPUS*, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DISMISSING CASE**

The petitioner, who is representing himself, filed a petition for writ of *habeas* corpus under 28 U.S.C. §2241 challenging his detention by Immigration and Customs Enforcement. Dkt. No. 1. He alleged that he had been continuously incarcerated since January 31, 2025; he explained that he had been granted withholding of his removal on July 1, 2025 but that he had no foreseeable deportation date. Id. at 6. The petitioner asked to be released from Dodge County Detention Center and stated that he was willing to abide by any supervisory conditions. Id. at 7. On October 2, 2025, the petitioner filed a notice of change of address, saying he'd been moved to the Bourbon County Detention Center in Paris, Kentucky. Dkt. No. 4.

On January 27, 2026, the court screened the petition and allowed the petitioner to proceed on his claims. Dkt. No. 5. The court ordered the

1

respondent to respond within thirty days. <u>Id.</u> at 3. There was some delay due to the fact that the court's order did not generate a notice of filing, which meant that the respondents did not timely receive notice the petition or the court's order. Dkt. No. 6. But on June 1, 2026, the respondent filed a response to the court's screening order and explained that the petitioner had reentered the United States following his removal to Nicaragua in 2024. Dkt. No. 8 at 2. The respondents said that officers had arrested the petitioner on January 31, 2025, in Janesville, Wisconsin and the petitioner was removed to Mexico after expressing fear of returning to Nicaragua. <u>Id.</u> at 3.

The respondent filed a declaration prepared by a Supervisory Detention and Deportation Officer for Immigration Customs Enforcement of the Department of Homeland Security in Chicago, Illinois. Dkt. No. 9. The officer avers that the petitioner was removed to Mexico under third-country removal protocols on February 13, 2026, and that he no longer is physically present in the United States. Dkt. No. 9 at ¶11. She avers that the petitioner is not being held in any immigration detention facility. <u>Id.</u> The respondent asserts that the petitioner's deportation moots his request for release pending deportation. Dkt. No. 8.

A district court may entertain a petition for writ of *habeas corpus* when the petitioner "is in custody under or by color of the authority of the United States[.]" 28 U.S.C. §2241(c)(1). The petitioner met the "in custody" requirement at the time that he filed the case, but for the court to be able to grant him relief, the petition still must present "a case or controversy" under

2

Article II, §2 of the Constitution. <u>Brown v. Bartholomew Consol. Sch. Corp</u>., 442 F.3d 588, 596 (7th Cir. 2006). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998) (citation and internal quotation marks omitted). The Seventh Circuit has directed lower courts to "dismiss a case as moot when [the court] cannot give the petitioner any effective relief." <u>A.M. v. Butler</u>, 360 F.3d 787, 790 (7th Cir. 2004).

The petitioner sought release but did not separately challenge his removal order. He stated in his petition that he had been granted withholding of his removal to Nicaragua, dkt. no. 1 at 6, but that meant only that he no longer would be deported to Nicaragua. Based on the record establishing his removal to Mexico and the court's unsuccessful attempts to locate the petitioner at any federal detention center within the United States, it appears that the court no longer can grant the relief that the petitioner requests. The court is unaware of any collateral consequences that could be addressed by the petition. The court will deny the petition as moot and dismiss the case.

Rule 11(a) of the Rules Governing Section 2254 Cases, which the court may apply to §2241 cases (<u>see</u> Rule 1(b) Rules Governing Section 2254 Cases) requires the court to consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether

"reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate that the petitioner is not entitled to *habeas* relief.

The court **DENIES AS MOOT** the petition for writ of *habeas corpus*. Dkt. No. 1.

The court **DECLINES** to issue a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 25th day of June, 2026.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

4